# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA,<br>100 N. Central Expy.<br>Suite 1010,<br>Richardson, Texas 75080<br><br>                *Plaintiff,*<br>vs.<br><br>**OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,**<br>Washington, D.C. 20511,<br><br>                *Defendant.* | CIVIL ACTION NO. |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Constitutional Law Center for Muslims in America ("CLCMA" or "Plaintiff") seeks a declaration from this Court that the failure of Defendant, the Office of the Director of National Intelligence ("ODNI" or "Defendant"), to make a determination regarding Plaintiff's two Freedom of Information Act ("FOIA") requests violated the FOIA, 5 U.S.C. § 552. Plaintiff also seeks an order from this Court requiring ODNI to disclose to CLCMA all non-exempt responsive records.

2. Plaintiff sent two FOIA requests to ODNI on January 10, 2022. The first requested all records prepared, received, transmitted, and retained by Defendant relating to the National Counterterrorism Center's participation in developing and implementing a Transnational Organized Crime Watchlist. The second request sought records prepared, received, transmitted, or maintained by Defendant relating to the National

Counterterrorism Center and the National Media Exploitation Center's policies and practices for encounter analysis of known or suspected terrorist encounter packages. On February 3, 2022, Defendant acknowledged receipt of the requests. Since then, the Defendant has not issued a determination on the requests.

## I. JURISDICTION AND VENUE

3. FOIA grants this Court subject matter jurisdiction over this action. 5 U.S.C. § 552(a)(4)(B).

4. Venue is appropriate in this Court under 5 U.S.C. § 552(a)(4)(B), which permits a plaintiff to bring an action under this statute in the United States District Court for the District of Columbia.

## II. PARTIES

5. Plaintiff is the legal division of the Muslim Legal Fund of America ("MLFA"), a non-profit organization formed under Section 501(c)(3) of the Internal Revenue Code. Founded in 2014, Plaintiff provides pro bono representation in issues affecting the Muslim community. To achieve its goals, Plaintiff submits FOIA requests seeking information about federal agencies' participation and policies regarding the federal terrorist watchlist. Plaintiff uses the information it gathers through FOIA requests to challenge procedures denying Muslim individuals substantive constitutional rights, including religious accommodations. MLFA and Plaintiff, as the legal division of MLFA, regularly release articles informing the public about the status of CLCMA's cases and other public interest initiatives concerning the treatment of Muslim Americans.

6. Defendant is a federal agency subject to FOIA that has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

### III. LEGAL AND STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8. An agency must comply with a FOIA request by issuing a determination within the statutory deadline of 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

9. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

10. An agency makes a determination by notifying the requester of its decision to produce or withhold records or both. In the case of an adverse determination, the agency must explain its reasons for withholding records and notify the requestor of their right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

11. An agency's failure to make a determination on a FOIA request within 20 working days is deemed a constructive denial and satisfies the requester's duty to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

12. A FOIA requester who exhausts administrative remedies may petition this court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

### IV. STATEMENT OF FACTS

13. Plaintiff submitted two FOIA requests to Defendant on January 10, 2022, via email to dni-foia@dni.gov.

14. Plaintiff's first FOIA request sought records maintained by Defendant relating to the National Counterterrorism Center's ("NCTC") participation in the development and implementation of a Transnational Organized Crime ("TOC") watchlist from January 1, 2009, to the day the request was processed. Specifically, the request sought:

- Documents, including correspondence, referring to or containing the dates, goals, and purpose of NCTC meetings concerning a TOC watchlist;

- Documents, including correspondence, relied on by NCTC representatives for participation in meetings about a TOC watchlist;

- Any policies or procedures in which NCTC representatives participated in drafting for the creation or implementation of a TOC watchlist;

- Any additional documents that refer to the NCTC's participation and role in creating and implementing a TOC watchlist. Exhibit 1.

15. Plaintiff's second FOIA request sought records maintained by Defendant relating to the NCTC and the policies and practices for encounter analysis of known or suspected terrorist ("KST") encounter packages from January 1, 2003, to the day the request was processed. Specifically, the request sought:

- The most recent versions of documents containing or referencing NCTC or NMEC procedures for KST encounter analysis;

- Documents distributed to NCTC or NMEC analysts which contain policies and procedures for such analysts to use in KST encounter analysis;

- The most recent version of materials used in training NCTC or NMEC analysts on KST encounter package analysis;

- Data on the number of encounter packages analyzed by NCTC or NMEC analysts during the time frame referenced above, broken down to the smallest intervals available;

- Documents that constitute or refer to policies describing how KST encounter data is stored in NCTC and NMEC databases, specifically including information about how long data is stored, the types of data stored, and who has access to the data;

- Procedures used for determining which analysts have access to KST encounter data, including required security screenings. Exhibit 2.

16. In both FOIA requests, Plaintiff requested a waiver of fees, explaining their mission as a non-profit and that the disclosure of the requested documents would substantially contribute to the public understanding of government operations.

17. Defendant responded to both FOIA requests via email the same day, stating that FOIA provides an agency with 20 working days to respond to a request and that Plaintiff could expect a case number "no later than February 8."

18. In letters dated February 3, 2022, Defendant acknowledged receipt of Plaintiff's requests. The letters provided tracking numbers DF-2022-00099 and DF-2022-00100 for these requests. The letters also granted Plaintiff's requests for fee waivers.

19. On October 7, 2022, having received no further correspondence from Defendant about its requests, Plaintiff contacted the FOIA Public Liaison by email to "dni-foia-liasion@dni.gov." Plaintiff asked that Defendant provide a status update for each of Plaintiff's requests.

20. Defendant responded to that email on October 12, 2022, through Erin Morrison, Chief of the Information Review and Release Group, at ERINM2@dni.gov. In the

October 12, 2022 email, Ms. Morrison explained that Defendant finished its search for responsive records, and the records were in the review process.

21.     Ms. Morrison did not provide an exact completion date but stated that Plaintiff's requests were 435 and 436 in the queue for processing.

22.     Since Ms. Morrison's October 12, 2022 email, Plaintiff has received no further communications from Defendant about its FOIA requests.

23.     As of the filing date of this Complaint, Plaintiff's FOIA requests to Defendant remain pending for over two years.

24.     Plaintiff has exhausted all available administrative remedies, as Defendant failed to make a determination concerning the FOIA requests within the time limits specified in the FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

## V.     CLAIM FOR RELIEF

### ODNI Failed to Produce All-Non-Exempt Records in Response to Plaintiff's FOIA Requests.

25.     Plaintiff alleges and incorporates by reference all numbered paragraphs above.

26.     The FOIA provides requesters the right to bring an action in federal court when an agency fails to "respond in a timely manner." 5 U.S.C. § 552(a)(6)(E)(iii).

27.     By not notifying Plaintiff whether it intended to comply with its request, Defendant failed to make a determination on Plaintiff's requests within the established statutory timeline. 5 U.S.C. § 552(a)(6)(A)(i);

28.     Defendant is improperly withholding the records sought by Plaintiff.

29.     Plaintiff has exhausted all available administrative remedies.

30. Plaintiff is thus entitled to an order directing Defendant to process its FOIA requests and justify its withholding of responsive records, with specific references to any applicable FOIA exemptions, and to produce all responsive non-exempt records.

31. Plaintiff is also thus entitled to a declaration from this Court that Defendant violated the FOIA by failing to make a determination and for improperly withholding responsive records. 5 U.S.C. § 552(a)(6)(A)(i).

## PRAYER FOR RELIEF

Plaintiff prays for judgment in its favor and against Defendant and respectfully requests this Court grant the following relief:

1. Declare that Plaintiff is entitled to the immediate processing and disclosure of the requested records;

2. Order Defendant to immediately and fully process Plaintiff's January 10, 2022 requests, to disclose all non-exempt records to Plaintiff and, if necessary, to describe the grounds for any exemptions asserted;

3. Retain jurisdiction during the processing of Plaintiff's requests to ensure compliance with this Court's orders;

4. Award Plaintiff its costs and attorney's fees in this action. 5 U.S.C. §§ 552(a)(4)(E).

5. Grant such other relief as the Court may deem just and proper.

Dated: March 4, 2024

Respectfully submitted,

Jeffrey S. Gutman (D.C. Bar No. 416954)
Professor of Clinical Law

7

Anne Weismann (D.C. Bar No. 298190)
Professorial Lecturer in Law
Public Justice Advocacy Clinic
The George Washington University Law School
2000 G Street N.W.
Washington, D.C. 20052
Telephone: 202-994-5797
Fax: 202-994-3362
jgutman@law.gwu.edu
aweismann@law.gwu.edu



January 10, 2022

Gregory Koch
Director, Information Management Office
ATTN: FOIA/PA
Office of the Director of National Intelligence
Washington, D.C. 20511

Dear Mr. Koch:

Please consider this letter as a written request under the Freedom of Information Act, 5 U.S.C. § 522a. We request disclosure of the following records prepared, received, transmitted and/or maintained by the ODNI relating to the National Counterterrorism Center ("NCTC")'s participation in the development and implementation of a Transnational Organized Crime ("TOC") watchlist from January 1, 2009 to the day this request is processed:

- Documents, including correspondence, referring to or containing the dates, goals, and purpose of meetings in which NCTC representatives participated concerning a TOC watchlist;
- Documents, including correspondence, relied on by NCTC representatives for participation in meetings about a TOC watchlist;
- Any policies or procedures which NCTC representatives participated in drafting for the creation or implementation of a TOC watchlist;
- Any additional documents that refer to the NCTC's participation and role in creating and implementing a TOC watchlist.

If any portion of this request is unclear, we would request and welcome the opportunity to clarify it. We will also welcome the opportunity to narrow our request if it is deemed too broad or discuss a schedule for production of the requested documents.

We request that you provide all records electronically in their original file format. If possible, we also request that the records be provided in a text-searchable PDF format, in the best quality possible.

If this request is denied in whole or in part, we request that you please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with explanations for the exemption's application to the requested information. Please provide all segregable portions of the otherwise withheld material. We reserve the right to appeal a decision to withhold any information.

Finally, we request a fee waiver for the processed of this request pursuant to 5 U.S.C § 552 (a)(4)(A)(iii). The documents we request will substantially contribute to the public understanding

PLAINTIFF'S EXHIBIT / PENGAD 800-631-6989

1

of the government's efforts to combat transnational organized crime and how the data of U.S. citizens and lawful permanent residents is implicated in that process. As a non-profit Law Center, the release of these documents is not in our commercial interest. We welcome the opportunity to explain further our eligibility for a fee waiver upon request.

Please send all records, as they become available, to the undersigned at this address:

The Constitutional Law Center for Muslims in America (CLCMA)
c/o Christina A. Jump
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a response within the statutory period of 20 days and thank you for your assistance.

Sincerely,

*[signature]*

Christina Jump
Civil Litigation Department Head
cjump@clcma.org



January 10, 2022

Gregory Koch
Director, Information Management Office
ATTN: FOIA/PA
Office of the Director of National Intelligence
Washington, D.C. 20511

Dear Mr. Koch:

Please consider this letter as a written request under the Freedom of Information Act, 5 U.S.C. § 522a. We request disclosure of the following records prepared, received, transmitted or maintained by the ODNI relating to the National Counterterrorism Center ("NCTC") and the National Media Exploitation Center ("NMEC")'s policies and practices for encounter analysis of known or suspected terrorist ("KST") encounter packages from the period beginning January 1, 2003 to the day this request is processed:

- The most recent versions of documents containing or referencing NCTC or NMEC procedures for KST encounter analysis;
- Documents distributed to NCTC or NMEC analysts which contain policies and procedures for such analysts to use in KST encounter analysis;
- The most recent version of materials used in training NCTC or NMEC analysts on KST encounter package analysis;
- Data on the number of encounter packages analyzed by NCTC or NMEC analysts during the time frame referenced above, broken down to the smallest intervals available;
- Documents which constitute or refer to policies describing how KST encounter data is stored in NCTC and NMEC databases; specifically including information about how long data is stored, the types of data stored, and who has access to the data;
- Procedures used for determining which analysts have access to KST encounter data, including required security screenings.

If any portion of this request is unclear, we would request and welcome the opportunity to clarify it. We will also welcome the opportunity to narrow our request if it is deemed too broad or discuss a schedule for production of the requested documents.

We request that you provide all records electronically in their original file format. If possible, we also request that the records be provided in a text-searchable PDF format, in the best quality possible.

If this request is denied in whole or in part, we request that you please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with

1

PLAINTIFF'S EXHIBIT 2

explanations for the exemption's application to the requested information. Please provide all segregable portions of the otherwise withheld material. We reserve the right to appeal a decision to withhold any information.

Finally, we request a fee waiver for the processing of this request pursuant to 5 U.S.C § 552 (a)(4)(A)(iii). The documents we request will substantially contribute to the public understanding of the role of the NCTC and NMEC in the Encounter Analysis portion of the terrorist watchlisting process and how sensitive data, including data about US citizens, is stored and protected by the ODNI. As a non-profit Law Center, the release of these documents is not in our commercial interest. We welcome the opportunity to explain further our eligibility for a fee waiver upon request.

Please send all records, as they become available, to the undersigned at this address:

The Constitutional Law Center for Muslims in America (CLCMA)
c/o Christina A. Jump
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a response within the statutory period of 20 days and thank you for your assistance.

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org